UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

TANIA McCASH,

        Plaintiff,

v.

CENTRAL INTELLIGENCE AGENCY,
NATIONAL SECURITY AGENCY and
U. S. DEPARTMENT OF JUSTICE,

        Defendants.



CV15-02308 PSG

### Complaint

1. This is an action under the Freedom of Information Act (FOIA), 5 USC §552, for injunctive and other appropriate relief and seeking the disclosure and release of agency records pertaining to plaintiff, Tania McCash, that have been improperly withheld by defendants, Central Intelligence Agency (CIA), National Security Agency (NSA) and U. S. Department of Justice (DOJ) component, Federal Bureau of Investigation (FBI).

### Jurisdiction and Venue

2. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 USC §552 (a) (4) (B). This Court also has jurisdiction over this action pursuant to 28 USC §1331. Venue lies in the district under 5 USC §552 (a) (4) (B).

### Parties

3. Plaintiff Tania McCash is a resident of the State of California.

4. Defendant CIA is a Department of the Executive Branch of the United States Government. The CIA is an agency within the meaning of 5 USC 552 (f) (1).

5. Defendant NSA is a component of the Department of Defense, which is part of the Executive Branch of the United States Government. The NSA is an agency within the meaning of 5 USC 552 (f) (1).

6. Defendant DOJ is a Department of the Executive Branch of the United States Government, and includes component entity FBI. The DOJ is an agency within the meaning of 5 USC §552 (f) (1).

## FIRST CAUSE OF ACTION
### Central Intelligence Agency

7. By letter dated April 24, 2014, addressed to the CIA, plaintiff, through counsel, requested copies of all records pertaining to her.

8. By letter dated May 15, 2014, Ms. Michele Meeks, Information and Privacy Coordinator, CIA, indicated that plaintiff's request had been assigned number P-2014-00626. In addition, CIA requested a sworn statement containing plaintiff's citizenship and place of birth.

9. By letter dated May 29, 2014, plaintiff provided the CIA with an affidavit dated May 23, 2014 containing the sought-after information.

10. By letter dated June 30, 2014, the CIA denied plaintiff's FOIA request.

11. By letter dated July 22, 2014, plaintiff, through counsel, filed an administrative appeal with the CIA Agency Release Panel.

12. By letter dated August 20, 2014, the CIA acknowledged receipt of plaintiff's administrative appeal.

13. By letter dated January 28, 2015, the CIA fully denied plaintiff's administrative appeal.

14. Plaintiff has exhausted the applicable administrative remedies with respect to her FOIA request.

15. Plaintiff has a right of prompt access to the requested records under 5 USC §552 (a) (3) (A), defendant failed to conduct an adequate search for responsive records and has wrongfully withheld the sought-after documents from plaintiff.

## SECOND CAUSE OF ACTION

### National Security Agency

16. By letter dated April 24, 2014, addressed to the NSA, plaintiff, through counsel, requested copies of all records pertaining to her.

17. By letter dated May 21, 2014, Ms. Pamela N. Phillips, Chief, FOIA/PS Office, NSA, denied plaintiff's FOIA request. See FOIA Case Number 77817.

18. By letter dated June 26, 2014, plaintiff, through counsel, filed an administrative appeal with the NSA.

19. By letter dated July 15, 2014, Brian C., FOIA/PA Appeals Program Manager, Office of Associate General Counsel (Litigation), NSA, acknowledged receipt of plaintiff's appeal. See Appeal Number 4015.

20. More than 20 days have passed since the NSA received plaintiff's FOIA appeal and it has failed to make a determination on said appeal. Thus, under 5 USC §552 (a) (6) (A) (ii) and 5 USC §552 (a) (6) (C) (i), plaintiff has exhausted her administrative remedies.

21. Plaintiff has a right of prompt access to the requested records under 5 USC §552 (a) (3) (A), defendant failed to conduct an adequate search for responsive records and has wrongfully withheld the sought-after documents from plaintiff.

## THIRD CAUSE OF ACTION

### Federal Bureau of Investigation

22. By letter dated April 24, 2014, addressed to the FBI, plaintiff, through counsel, requested copies of all records pertaining to her.

23. By letter dated May 13, 2014, Mr. David M. Hardy, Section Chief, Record/Information Dissemination Section, Records Management Division, FBI, indicated that plaintiff's FOIA request had been received at FBI Headquarters for processing and that the FBI was searching the indices to its Central Records System for information responsive to her FOIA request. See FOIPA Request No. 1263434-000.

24. By letter dated May 28, 2014, the FBI claimed that it was unable to identify main file records responsive to plaintiff's FOIA request.

25. By letter dated June 26, 2014, plaintiff, through counsel, filed an administrative appeal with the DOJ, Office of Information Policy (OIP).

26. By letter dated July 15, 2014, Ms. Priscilla Jones, Supervisory Administrative Specialist, DOJ, OIP, advised plaintiff that her administrative appeal dated June 26, 2014 had been received on July 7, 2014 and that it had been assigned number AP-2014-03663.

27. By letter dated September 23, 2014, Mr. Sean R. O'Neill, Chief, Administrative Appeals Staff, DOJ, OIP, denied plaintiff's administrative appeal.

28. Plaintiff has exhausted the applicable administrative remedies with respect to her FOIA request.

29. Plaintiff has a right of prompt access to the requested records under 5 USC §552 (a) (3) (A), defendant failed to conduct an adequate search for responsive records and has wrongfully withheld the sought-after documents from plaintiff.

## Requested Relief

Wherefore, plaintiff prays that this Court:

1. order defendants to conduct a search for any and all responsive records to plaintiff's requests and demonstrate that they employed search methods reasonably likely to lead to the discovery of records responsive to the requests;

2. order defendants to produce, by a date certain, any and all non-exempt records responsive to plaintiff's request and a Vaughn index of any responsive records withheld under claim of exemption;

3. enjoin defendants from continuing to withhold any and all non-exempt records responsive to plaintiff's requests;

4. grant plaintiff an award of litigation costs reasonably incurred in this action pursuant to 5 USC 552 (A) (4) (E); and

5. grant plaintiff such other relief as the Court may deem just and proper.

Dated: May 22, 2015

Respectfully submitted,

Tania McCash
6501 Crown Boulevard, #106B5
San Jose, CA 95123
(408) 771-3574
taniamccash@sbcglobal.net