UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TANIA MCCASH,<br><br>    Plaintiff,<br><br>  v.<br><br>CENTRAL INTELLIGENCE AGENCY, et al.,<br><br>    Defendants. | Case No. 5:15-cv-02308-EJD<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR PRODUCTION OF INDEX OF WITHHELD DOCUMENTS**<br><br>Re: Dkt. No. 13 |

In this action under the Freedom of Information Act ("FOIA"), Plaintiff Tania McCash moves for an order requiring the production of an index of withheld documents, or portions thereof, pursuant to Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973). See Docket Item No. 13. Defendants Central Intelligence Agency ("CIA"), National Security Agency ("NSA"), and United States Department of Justice (collectively, the "Government"), oppose the motion. See Docket Item No. 16. The court finds this matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b). Accordingly, the hearing scheduled for August 27, 2015, is VACATED, and the court finds, concludes and orders as follows:

1.    "The term 'Vaughn index' arises out of a District of Columbia Circuit decision describing a helpful device for specifying documents not produced." Fiduccia v. U.S. Dep't of Justice, 185 F.3d 1035, 1042 (9th Cir. 1999). "[T]he purpose of the index is to afford the FOIA requester a meaningful opportunity to contest, and the district court an adequate opportunity to review, the soundness of the withholding." Weiner v. Fed. Bureau of Investigation, 943 F.2d 972, 977 (9th Cir. 1991) (internal quotation marks omitted).

2.    Production of a Vaughn index is not required in every FOIA case. Fiduccia, 185 F.3d at 1042-43; see Minier v. Cent. Intelligence Agency, 88 F.3d 796, 804 (9th Cir. 1996) ("[W]hen the affidavit submitted by an agency is sufficient to establish that the requested documents should not be disclosed, a Vaughn index is not required."). Indeed, even under

1

Case No.: 5:15-cv-02308-EJD
DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR PRODUCTION OF INDEX OF WITHHELD DOCUMENTS

Vaughn, an index of withheld documents is only necessary when there exists a factual dispute regarding whether the documents fall within a disclosure exception, and such dispute cannot be resolved based solely on agency affidavits.  484 F.2d at 827-28.

3. Here, the Government contends that it will be able to fully substantiate disclosure exemptions in an ensuing motion for summary judgment.  To that end, the Government anticipates invoking FOIA Exemptions 1 and 3[1] as well as an Executive Order, which it believes will result in a proper Glomar response.[2]  Since courts "routinely allow" agencies such as the CIA and the NSA "to give a Glomar Response in order to avoid identifying its methods or targets, and their activities" (Mosier v. Cent. Intelligence Agency, No. 2:13-cv-00744-MCE-KJN, 2013 U.S. Dist. LEXIS 169502, at *24, 2013 WL 6198197 (E.D. Cal. Nov. 27, 2013)), it is premature to order the production of a Vaughn index without the benefit of reviewing the adequacy of the Government's summary judgment motion.  Only after assessing the affidavits in support of a Glomar response can the court determine whether a Vaughn index is necessary and appropriate.

Accordingly, Plaintiff's motion for an order requiring the Government to produce a Vaughn index (Docket Item No. 13) is DENIED WITHOUT PREJUDICE to being renewed, if appropriate, after the Government submits its anticipated motion for summary judgment.

**IT IS SO ORDERED.**

Dated: August 20, 2015

_____
EDWARD J. DAVILA
United States District Judge

---

[1] Exemption 1 applies to national security information, and specifically exempts from disclosure documents that are: "(A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified pursuant to such Executive order."  5 U.S.C. § 552(b)(1).  Exemption 3 applies to records "specifically exempted from disclosure by statute."  5 U.S.C. § 552(b)(3).

[2] A "Glomar response" is a refusal to confirm or deny the existence of records.  Hunt v. Cent. Intelligence Agency, 981 F.2d 1116, 1118 (9th Cir. 1992)

2
Case No.: 5:15-cv-02308-EJD
DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR PRODUCTION OF INDEX OF WITHHELD DOCUMENTS