BRIAN J. STRETCH (CABN 163973)
Acting United States Attorney
ALEX G. TSE (CSBN 152348)
Chief, Civil Division
MICHAEL T. PYLE (CABN 172954)
Assistant United States Attorney

150 Almaden Blvd., Suite 900
San Jose, California 95113
Tel: (408) 535-5087 / Fax: (408) 535-5081
Email: michael.t.pyle@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TANIA McCASH,<br><br>  Plaintiff,<br><br>  v.<br><br>CENTRAL INTELLIGENCE AGENCY, et al.,<br><br>  Defendants. | Case No. CV 15-2308 EJD<br><br>**FEDERAL DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**<br><br>Date: January 14, 2016<br>Time:  9:00 a.m.<br>Judge: Hon. Edward J. Davila<br>Courtroom: 4 (5th Floor) |

I. INTRODUCTION

Plaintiff Tania McCash filed a timely opposition to Federal Defendants' (the Central Intelligence Agency ("CIA"), National Security Agency ("NSA"), and Federal Bureau of Investigation ("FBI")) motion for summary judgment. *See* Docket No. 28 ("Opp. Br."). Plaintiff's opposition brief contends that none of the Federal Defendants conducted an adequate search, and that the FBI should make selective redactions to two pages of documents withheld in full and that the FBI should not be permitted to redact the names of FBI Special Agents and support personnel. These arguments are without merit, as each Federal Defendant has conducted

a reasonable search for responsive documents and otherwise satisfied their obligations under FOIA and the Privacy Act by disclosing documents to the greatest extent possible without sacrificing national security, personal privacy, or other adverse effects.

Federal Defendants' motion should be granted.

## II. ARGUMENT

### A. The CIA Conducted an Adequate Search

Plaintiff's only argument as to the CIA is a claim that the CIA's search was inadequate. Opp. Br. at 2-3. Plaintiff argues that because Plaintiff sent the CIA communications, "it is inconceivable that [it] would not have generated documents in response to these communications." Opp.Br. at 2. However, the issue in a FOIA case is "not whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate." *Citizens Comm'n on Human Rights v. Food & Drug Admin.,* 45 F.3d 1325, 1328 (9th Cir. 1995) (quoting *Zemansky v. EPA*, 767 F.2d 569, 571 (9th Cir. 1985)).

Here, the CIA conducted a search of all previously released records, and finding nothing searched the National Clandestine Service/Directorate of Operations ("NCS/DO") and the Directorate of Support ("DS") because they were most likely to have responsive records. *See* Declaration of Martha M. Lutz ("Lutz Dec.") ¶¶ 23-25. Although the CIA found nothing in this search, when the CIA was informed of Plaintiff's correspondence, the CIA conducted an additional search and found nothing other than Plaintiff's correspondence to the agency. *Id*. at ¶¶ 26-27. Plaintiff's correspondence is attached to the Declaration of Martha M. Lutz in Exhibits A, C, and E. *See* Docket No. 23. Conclusory allegations unsupported by factual data are insufficient to defeat summary judgment in a FOIA case. *Marks v. United States Dep't of Justice*, 578 F.2d 261, 264 (9th Cir. 1978); *Zemansky*, 767 F.2d at 571(affidavits describing agency search procedures are sufficient for the purposes of summary judgment if they are relatively detailed in their description of the files searched and search procedures used); *Ground Saucer Watch v. CIA*, 692 F.2d 770, 711 (D.C. Cir. 1981) ("[a]gency affidavits enjoy a presumption of good faith, which will withstand purely speculative claims about the existence

and discoverability of other documents"). Therefore, the CIA's search was adequate and the Court should grant summary judgment in favor of the CIA.

### B. The NSA Conducted an Adequate Search

Plaintiff's only argument as to the NSA is a claim that the NSA has failed to provide sufficient facts to establish that its search was adequate. Opp. Br. at 2-3. Plaintiff contends that the NSA did not conduct an adequate search because they did not identify the search terms used in their search, the locations searched, or the reasons for searching only particular locations.

In response to Plaintiff's contentions about the terms searched, the NSA has submitted a supplement declaration of C. Renee Kuntz ("Kuntz Supp. Decl."). As the NSA explains in the supplemental declaration, the search terms used included Plaintiff's name and social security number, as Plaintiff did not submit any amplifying information to focus the search. Kuntz Supp. Decl. ¶ 4. In response to Plaintiff's other assertions, the NSA clearly explains the locations searched and the reasons for searching only particular locations. First, the NSA searched the PeopleSoft database system for all applicant, personnel, medical and training records, and the names of anyone who has entered NSA facilities as a visitor or who has ever been processed for a clearance. Kuntz Decl. ¶ 32, Kuntz Supp. Decl. ¶ 3. Second, PeopleSoft was the only database searched because it was the only place that a search could be conducted, without amplifying information from Plaintiff, which was likely to contain non-intelligence information about Plaintiff. Kuntz Decl. ¶¶ 31, 33-34, Kuntz Supp. Decl. ¶ 2.

Plaintiff also argues that because she sent the NSA correspondence, "it is inconceivable that [it] would not have generated documents in response to these communications."[1] Opp. Br. at 2. However, as explained above with regard to the CIA, the "adequacy" of the search determines whether an agency complied with their FOIA obligations. *Citizens Comm'n,* 45 F.3d at 1325. Speculation unsupported by factual data as to the existence of other potential documents cannot defeat summary judgment. *Marks*, 578 F.2d at 264; *Zemansky*, 767 F.2d at

---

[1] Plaintiff's correspondence is attached to the Declaration of C. Renee Kuntz in Exhibits 1 and 3. *See* Docket No. 25.

FEDERAL DEFENDANTS' REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT
CV 15-2308 EJD                                        3

571(affidavits describing agency search procedures are sufficient for the purposes of summary judgment if they are relatively detailed in their description of the files searched and search procedures used); *Ground Saucer Watch*, 692 F.2d at 771 ("[a]gency affidavits enjoy a presumption of good faith, which will withstand purely speculative claims about the existence and discoverability of other documents"). Here, the NSA searched the only database that was likely to contain any non-intelligence information about Plaintiff. Therefore, the NSA's search was adequate and summary judgment should be granted in favor of the NSA.

### C. The FBI Conducted an Adequate Search and Properly Withheld Information

Plaintiff argues that the FBI did not conduct an adequate search because the FBI did not search "'main' files and 'see references' including, but not limited to numbered and lettered subfiles, 1A envelopes, enclosures behind files, Bulky Exhibits, control files and 'JUNE' files." Opp. Br. at 2. The crux of the FOIA's adequate search standard is reasonableness. *Hamdan v. United States Dep't of Justice*, 797 F.3d 759, 772 (9th Cir. 2015) ("Plaintiffs were entitled to a reasonable search for records, not a perfect one"). Thus, agencies need not honor broad, sweeping requests that lack specificity. *Marks*, 578 F.2d at 263 (citing *Mason v. Callaway*, 554 F.2d 129 (4th Cir. 1977) (Request for all "correspondence, documents, memoranda, tape recordings, notes, and any other material" is not reasonably descriptive)). Additionally, the requirement of reasonable description also applies to the place of search. *Marks*, 578 F.2d at 263 (FBI search of the CRS, ELSUR, and one field office was adequate despite Plaintiff's request to search all field offices); *American Fed. of Gov't Employees, Local 2782 v. United States Dep't of Commerce*, 907 F.2d 203, 208-09 (D.C. Cir. 1990) (FBI need not comply with request for "every chronological office file and correspondent file, internal and external, for every branch office"); *Blakely v. United States Dep't of Justice*, 549 F. Supp. 362, 366-67 (D. D.C. 1982), *aff'd* 720 F.2d 215 (D.C. Cir. 1983) (modified on other grounds) (Agencies are not required to perform searches which are not compatible with their own document retrieval systems).

The FBI's search was designed to find any documents responsive to Plaintiff's FOIA request, and it did find forty-four responsive pages. Hardy Decl. ¶ 4. Upon receiving Plaintiff's

request, the FBI identified the locations where responsive records would be found, and subsequently searched the entire automated indices of the CRS in order to identify potential responsive main files, the ELSUR for electronic records, and conducted a second search of the CRS for yet remaining "cross reference" records using variations of Plaintiff's name and identifying information. *Id.* at ¶¶ 26-29. However, Plaintiff contends that the FBI should have additionally conducted an ECF text search to identify responsive records. Yet, the FBI determined that because the CRS search located responsive records, and nothing in the records located suggested that other responsive records about Plaintiff should likely exist, a full text search was not likely to lead to additional responsive information being identified. *Id.* at ¶¶ 31-32; *see also Wright v. Bureau of Alcohol Tobacco Firearms & Explosives*, No. 09-CV-2204, 2010 WL 624331 at *2-3 (N.D. Cal. February 18, 2010) (ATF's FOIA search was adequate despite Plaintiff's request to search a specific database). Therefore, the FBI has fully discharged its obligation to conduct an adequate search.

Second, Plaintiff argues that the FBI's rationale in determining that two of the forty-four responsive pages were not segregable and should be withheld in full is conclusory and asks the Court to conduct an *in camera* review. Plaintiff cites *Lawyers' Comm. for Civ. Rights of S.F. Bay Area v. U.S. Dep't of Treasury,* No. 07-CV-2590 PJH, 2008 U.S. Dist. LEXIS 87624, 2008 WL 4482855 (N.D. Cal. Sept. 30, 2008), and explains that the FBI should have furnished the court with reasons for its inability to segregate non-exempt portions of the documents and to provide the court with a description of what proportion of the document is non-exempt. *Id.* at *38. However, unlike the U.S. Department of Treasury in *Lawyers' Comm*, who conducted no segregability review, the FBI conducted a segregability analysis and followed the procedure exactly as the court described. The FBI clearly explains that they conducted a segregability review of each page. Hardy Decl. ¶ 53. As a result of this review, the FBI determined that 10 pages could be released in full and 32 pages could be released with redactions per the FOIA exemptions identified in the Hardy Declaration. *Id.* Plaintiff does not object to either of these determinations. Plaintiff's only objection to the FBI's segregability analysis is towards the two

FEDERAL DEFENDANTS' REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT
CV 15-2308 EJD                                        5

pages withheld in full. Opp. Br. at 3-4. However, the FBI has clearly explained that after conducting a segregability review of these two pages, the FBI determined "that *all* information on each page was covered by one or more of the cited FOIA exemptions." Hardy Decl. ¶ 53 (emphasis added). The FBI concluded that, "there was not information that could be reasonably segregated for release without triggering foreseeable harm to one or more of the cited FOIA Exemptions" cited throughout the Hardy Declaration. *Id*. Thus, the FBI has explained that its inability to segregate non-exempt portions of the two of the forty-four pages is because there are no non-exempt portions of those two pages.

Furthermore, *in camera* review should be denied because the Ninth Circuit has cautioned district courts from taking on the role of a document clerk.

> A district court must take seriously its role as a check on agency discretion, but this does not require a page-by-page review of an agency's work. The district court may rely on an agency's declaration in making its segregability determination. Agency affidavits that are sufficiently detailed are presumed to be made in good faith and may be taken at face value. In short, a district court is not required to conduct an independent *in camera* review of each withholding unless an agency declaration lacks sufficient detail or bears some indicia of bad faith by the agency.

*Hamdan,* 797 F.3d at 779 (citations omitted). Here, the Court should rely on the Hardy Declaration because it is sufficient in detail and there has been no indicium of bad faith by the agency. Furthermore, Federal Defendants remind the Court that a district court must make a finding on segregability with respect to documents withheld in full. *See Hamdan*, 797 F.3d at 778-79. Therefore, the Court should deny *in camera* review and make a finding based on the Declaration of David M. Hardy that the FBI appropriately segregated the two documents withheld in full.[2]

Lastly, Plaintiff argues that the identities of FBI Special Agents and support personnel should not be withheld. Plaintiff cites no authority and fails to address the balancing test stated

---

[2] If the Court should find that the FBI has not met its burden on segregability, it should give the FBI an opportunity to justify its finding with a supplemental declaration. *See Our Children's Earth Found. v. Nat'l Marine Fisheries Serv.*, No. 14-1330 SC, 2015 U.S. Dist. LEXIS 94997, 2015 WL 4452136 (N.D. Cal. July 20, 2015) (defendant ordered to supplement the record within 30 days to provide sufficient explanation for the non-segregability of records).

FEDERAL DEFENDANTS' REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT
CV 15-2308 EJD                              6

in Federal Defendant's Motion for Summary Judgment. In determining whether names and identifying information falls within Exemptions 6 and 7(C), the Court "must balance the privacy interest protected by the exemptions against the public interest in government openness that would be served by disclosure." *Prudential Locations L.L.C. v. United States HUD,* 739 F.3d 424, 429 (9th Cir. 2013). Here, the FBI determined that FBI Special Agents and support personnel all had a significant privacy interest in their identifying information because if disclosed, this information could subject them to compromise, unwarranted harassment, hostility, and retaliation. Hardy Decl. ¶¶ 46-51; *see also Lahr v. NTSB*, 569 F.3d 964, 977 (9th Cir. 2009) ("FBI agents have a legitimate interest in keeping private matters that could conceivably subject them to annoyance or harassment").

Government records that contain information that applies to particular individuals are exempt under this section if the interest to protect the information outweighs the public interest in understanding the operations or activities of the government. *See Van Bourg, Allen, Weinberg & Roger v. NLRB,* 728 F.2d 1270, 1273 (9th Cir. 1984) ("Government records containing information that applies to particular individuals satisfies the threshold test of exemption 6"); *U.S. Dep't of Justice v. Reporters Comm. for Freedom of Press*, 489 U.S. 749, 775 (1989) (stating that the only relevant public interest is the extent to which disclosure would contribute significantly to public understanding of the operations or activities of the government). The individual's privacy interest need only be legitimate. *Citizens for Responsibility in Washington v. National Indian Gaming Comm'n*, 467 F.Supp.2d 40, 53 (D. D.C. 2006). If there is no public interest in the information's disclosure, the government may withhold it because "something, even a modest privacy interest, outweighs nothing every time." *Id.* (citing *Nat'l Ass'n of Retired Fed. Employees v. Horner,* 879 F.2d 873, 879 (D.C. Cir. 1989)). The public interest served by the release of private information is "the preservation of 'the citizens' right to be informed about what their government is up to." *Beck v. United Beck v. United States Dep't of Justice,* 997 F.2d 1489, 1492 (D.C. Cir. 1993) (quoting *Reporters Comm.*, 489 U.S. at 773). However, "[i]nformation that 'reveals little or nothing about an agency's own conduct' does not further the

statutory purpose." *Id.* Here, Plaintiff has failed to assert any public interest in government openness that would be served by the disclosure. Whatever interest she has is only her personal interest, as exemplified by her communications with Federal Defendants.

The Court should grant summary judgment in favor of the FBI.

### III.    CONCLUSION

For the foregoing reasons, Federal Defendants' motion for summary judgment should be granted. The CIA, NSA, and FBI have all established that they have fully discharged their obligations under the FOIA and Privacy Act.

Dated: November 23, 2015

Respectfully submitted,

BRIAN J. STRETCH
ACTING UNITED STATES ATTORNEY

By:    /s/  Michael T. Pyle
       MICHAEL T. PYLE
       Assistant U.S. Attorney