UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TANIA MCCASH,<br><br>    Plaintiff,<br><br>    v.<br><br>CENTRAL INTELLIGENCE AGENCY, et al.,<br><br>    Defendants. | Case No. 5:15-cv-02308-EJD<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 46 |

Pro se Plaintiff Tania McCash seeks disclosure of documents that the FBI withheld in response to her request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. The FBI moves for summary judgment on the basis that these documents are exempt from disclosure because they would reveal secret law enforcement techniques. The FBI's motion will be GRANTED.

**I.  BACKGROUND**

McCash sent FOIA requests to the CIA, NSA, and FBI seeking disclosure of records about herself. Compl. ¶ 7, Dkt. No. 1. The CIA responded that it had no relevant unclassified records other than its past communications with her. Decl. of Martha M. Lutz ¶ 12, Dkt. No. 23. As for classified records, it responded that it could neither confirm nor deny their existence (known as a "Glomar response"). Id. ¶ 28. The NSA gave a similar reply, but it noted that its search did not include earlier correspondence from McCash. Supp. Decl. of Renee Kuntz ¶¶ 1–4, Dkt. No. 32. The FBI found 44 pages of "complaints made by Plaintiff on various subjects." Decl. of David Hardy ¶ 5–15, Dkt. No. 24. Since the FBI determined that some of those pages contained

1

Case No.: 5:15-cv-02308-EJD
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

information that was exempt from disclosure, it withheld two pages, released 32 pages with redactions, and released ten pages in full. Id. ¶¶ 4, 15.

McCash unsuccessfully appealed the agencies' responses. Compl. ¶¶ 13, 20, 27. She then brought this action, alleging that each agency "failed to conduct an adequate search for responsive records and has wrongfully withheld" the documents she seeks. Id. ¶¶ 15, 21, 29.

The agencies moved for summary judgment, arguing that their searches were adequate, that their Glomar responses were proper, and that the FBI properly withheld information that fell within certain statutory exemptions. Dkt. No. 22. This Court held that the searches, Glomar responses, and partial withholdings were proper, but that the FBI failed to explain why it withheld two pages in full, or why those pages could not be partially redacted. Id. at 9–24.

Defendants now move for summary judgment[1] on the basis that the FBI properly withheld those two pages. Defs.' Mot. for Summ. J. ("MSJ"), Dkt. No. 46.

## II.   LEGAL STANDARD

### A.   Summary Judgment

"Summary judgment is proper where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law." Samuels v. Holland American Line—USA Inc., 656 F.3d 948, 952 (9th Cir. 2011) (citing Fed. R. Civ. P. 56(a)). The Court "must draw all reasonable inferences in favor of the nonmoving party." Id. "The central issue is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251–52 (1986)). Pro se pleadings and motions should be construed liberally. Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000).

### B.   Summary Judgment in FOIA Cases

If an agency withholds information that is responsive to a FOIA request, it must prove that the information falls within a statutory exception to the disclosure requirement. See Dobronski v.

---

[1] This Court granted permission to file a second summary judgment motion. Dkt. No. 43 at 2.

FCC, 17 F.3d 275, 277 (9th Cir. 1994). The agency may submit affidavits to satisfy its burden, but "the government 'may not rely upon conclusory and generalized allegations of exemptions.' " Kamman v. IRS, 56 F.3d 46, 48 (9th Cir.1995) (quoting Church of Scientology v. U.S. Dep't of the Army, 611 F.2d 738, 742 (9th Cir.1979)). The agency's "affidavits must contain 'reasonably detailed descriptions of the documents and allege facts sufficient to establish an exemption.' " Id. (quoting Lewis v. IRS, 823 F.2d 375, 378 (9th Cir. 1987)).

### III.   DISCUSSION

McCash argues that the FBI has not adequately justified its decision to withhold the two pages at issue. Pl.'s Opp'n to Defs.' Mot. for Summ. J. ("Opp'n") at 2, Dkt. No. 49. The Court disagrees.

The FBI withheld the two pages under Exemption 7(E), which protects records from disclosure if those records "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E). This exemption only covers "investigative techniques not generally known to the public." Hamdan v. U.S. Dep't of Justice, 797 F.3d 759, 777 (9th Cir. 2015) (quoting Rosenfeld v. U.S. Dep't of Justice, 57 F.3d 803, 815 (9th Cir.1995)).

The two pages at issue are "printouts from a sensitive, non-public law enforcement database, the Automated Case Support System ('ACS')." MSJ at 2. The FBI explains the contents of these documents at length in its motion for summary judgment (Dkt. No. 46) and the accompanying declaration of David M. Hardy (Dkt. No. 46-1). According to the FBI, it uses the ACS on a daily basis to conduct a wide range of law enforcement activities. MSJ at 2. Both documents are screenshots of searches conducted within ACS that show categories of information, specific information fields, crossed-out text, and technical details that "would indicate the type of software being utilized and subject it to vulnerability." Id. at 3. One of the printouts also includes handwritten notes that "describe the actions taken by the FBI in searching, the results of the search, and the FBI's analysis of the results." Id.

McCash contends that the printouts cannot be withheld under Exemption 7(E) because "the FBI's use of databases, both public and non-public, is a publicly known law enforcement technique." Opp'n at 2. The FBI acknowledges that the existence of ACS is publicly known, but it argues that the exemption applies because the public does not know how ACS works or how it is used in investigations. MSJ at 6–7.

The FBI is correct. Under Exemption 7(E), an agency can withhold details about how it uses a tool, even if the existence of that tool is publicly known. See Hamdan, 797 F.3d at 777–78 (recognizing that credit searches and surveillance are "publicly known law enforcement techniques," but holding that Exemption 7(E) allowed the FBI to withhold details of specific "techniques and procedures related to surveillance and credit searches" because disclosure "would preclude [their] use in future cases").

McCash also argues that the FBI cannot withhold details of the ACS unless it "provide[s] an explanation linking disclosure to the risk of circumventing the law . . . ." Opp'n at 2. The Ninth Circuit has rejected McCash's interpretation of Exemption 7(E), holding that an agency must show that "disclosure could reasonably be expected to risk circumvention of the law" when it withholds information about "guidelines for law enforcement investigations or prosecutions," but not when it withholds information about "techniques and procedures for law enforcement investigations or prosecutions." 5 U.S.C. § 552(b)(7)(E) (emphasis added); Hamdan, 797 F.3d at 778 ("Plaintiffs argue that the FBI must show that disclosure of its techniques would risk circumvention of the law for Exemption 7(E) to apply. But Plaintiffs' argument is an unpersuasive reading of the statutory text and structure.").

Nonetheless, even if McCash's reading of the statute were correct, the FBI has adequately explained that disclosure of the two pages would risk circumvention of the techniques they illustrate. Supp. Decl. of David M. Hardy ¶¶ 11, 13–15, Dkt. No. 46-1 ("Disclosure of either the account addresses or the printouts or information compiled from these search results could enable criminals to employ countermeasures to avoid detection, thus jeopardizing the FBI's investigative mission."; "The printed information on the screenshot shows the types of information that can be

used to search and narrow results, as well as numbers and alpha indicators that, to a technologically savvy reader, would indicate the type of software being utilized and subject it to vulnerability.").

Finally, McCash suggests that if the two pages contain information that should be withheld, the FBI should be required to "segregate" it—that is, it should release the two documents, but redact any sensitive information that they contain. Opp'n at 1. However, the FBI has explained that these documents cannot be segregated because even partial disclosure would reveal the investigative techniques that it seeks to keep secret. MSJ at 7; Hardy Decl. ¶¶ 11–15. This Court "may rely on [the FBI's] declaration in making its segregability determination . . . unless [the FBI's] declaration lacks sufficient detail or bears some indicia of bath faith by the agency." <u>Hamden</u>, 797 F.2d at 779–80. The Court finds that the FBI's explanation of the contents of these documents is sufficiently detailed to show that they cannot be segregated.

## IV. CONCLUSION

The FBI properly withheld the two ACS printouts under Exemption 7(E). Defendants' motion for summary judgment is GRANTED.

**IT IS SO ORDERED.**

Dated: March 20, 2017



EDWARD J. DAVILA
United States District Judge